UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-56-H

TAMARAH CUNNINGHAM                                                                      PLAINTIFF

V.

HUMANA, INC.                                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Tamarah Cunningham, brings this action claiming that her former employer, Humana, Inc. ("Humana"), terminated her based on her disability and in violation of the Family Medical Leave Act ("FMLA"). She also claims that Humana's conduct amounted to wrongful discharge in violation of Kentucky public policy and intentional infliction of emotional distress. Humana moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff's complaint fails to allege sufficient facts to show a plausible claim for relief.[1] The Court concludes that Plaintiff has alleged the bare minimum necessary. The Court will consider the case again after some discovery.

**I.**

Because the basis of the motion to dismiss is the insufficiency of the factual allegations in the complaint, the Court reproduces the factual allegations, verbatim, below:

4.   Cunningham is a former employee of Humana.

5.   Cunningham worked for Humana for more than 5 years.

6.   During the twelve (12) months preceding her request for medical leave,

---

[1] Contemporaneous with the pending motion in this case, the Court has considered a strikingly similar motion filed by Humana in *Barber v. Humana, Inc.*, No. 3:10-CV-25-H. The claims in these cases are almost identical and, largely, the Court's analysis will be so as well.

        Cunningham worked more than 1,250 hours.

7. Cunningham requested medical leave to treat her serious medical condition of multiple sclerosis.

8. In June of 2009 Cunningham sought leave under FMLA. Humana initially granted Cunningham leave. Humana began to retaliate against Cunningham for seeking FMLA leave by altering Cunningham's work duties and forcing Cunningham to perform tasks not required by non FMLA employees. Cunningham's physicians had her on work restrictions which Humana refused to acknowledge or otherwise accommodate Cunningham. In retaliation for seeking FMLA and accommodations Humana terminated Cunningham's employment.

9. At the time of her discharge Cunningham was seeking to treat with her physician.

10. Humana perceived and regarded Cunningham as having a substantial limitation on her ability to work and/or perform one or more major life activities.

11. Humana perceived and regarded Cunningham as being unable to perform the essential functions of her position.

. . .

13. Humana terminated Cunningham's employment on the basis of her disability and on the basis of her perceived disability.

14. Humana failed to accommodate Cunningham's disability and terminated Cunningham's employment in violation of the disability discrimination provisions of the Kentucky Civil Rights Act, KRS Chapter 344 *et. seq.*

. . .

16. While on medical leave, Cunningham's employment was terminated for reasons unrelated to her job performance.

17. Cunningham had a serious health condition, she requested and was on medical leave to treat her condition, and her employment was terminated for seeking medical leave.

(Compl. ¶¶ 4-17.) Plaintiff alleges no further facts to support her claim.

**II.**

When a motion to dismiss is filed under Rule 12(b)(6), the Court must look to the Complaint and determine whether it states a claim for which relief is available. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[The] [f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and must be sufficient for the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal.*, 129 S.Ct. at 1949. Although a Complaint need not contain "detailed factual allegations," *Twombly*, 550 U.S. at 555, it must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).[2]

**III.**

Plaintiff's first cause of action is for disability discrimination. She alleges that Humana terminated her employment "on the basis of her disability and on the basis of her perceived disability." (Compl. ¶ 13.) Further, she claims that "Humana failed to accommodate Cunningham's disability." (Compl. ¶ 14.) These allegations present two possible bases for claims: (1) failure to accommodate; and (2) discriminatory termination.

---

[2] Plaintiff insists that "[a] claim will only be dismissed under Rule 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief." (Pl.'s Resp. to Def.'s Mot. to Dismiss 4) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). In *Twombly*, the Supreme Court noted that the *Conley* standard "has earned its retirement" and that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563. Plaintiff's Response never mentions *Twombly* or *Iqbal* or the new guidance those cases provide on motions to dismiss.

3

An essential element of any disability discrimination claim is that the plaintiff is disabled within the meaning of the statute. For purposes of this lawsuit, disability is defined by KRS § 344.010(4), which provides,

"Disability" means, with respect to an individual:

(a) A physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual;

(b) A record of such an impairment; or

(c) Being regarded as having such an impairment.

Plaintiff need only allege facts showing that she meets one of these definitions for the Complaint to proceed.

Related to the first possible definition, Humana argues that Plaintiff's Complaint is insufficient because it fails to allege any specific limitations on major life activities. The Sixth Circuit considered this issue prior to *Twombly* and *Iqbal*. *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850 (6th Cir. 2001). There, the plaintiff pled that he suffered from epilepsy but did not allege any specific major life activity that was substantially limited. The Circuit, using the *Conley* standard, held that the claim survived a motion to dismiss. "[S]o long as the complaint notifies the defendant of the claimed impairment, the substantially limited major life activity need not be specifically identified in the pleading." *Id.* at 854. It is unclear whether such an analysis would survive *Twombly* and *Iqbal*. Of course, assuming it does, Plaintiff's Complaint is clearly sufficient. However, the Court need not resolve whether *J.H. Routh* is still applicable because it finds another issue dispositive.

Plaintiff alleges that "Humana perceived and regarded Cunningham as having a substantial limitation on her ability to work and/or perform one or more major life activities."

(Compl. ¶ 10.) Where the employer regards the employee as being disabled, the employee is disabled for purposes of the Kentucky Civil Rights Act. Humana claims that Plaintiff's allegation is not supported with sufficient factual detail or direct evidence; it claims that the allegation is nothing more than "a formulaic recitation of the elements of a cause of action [that] will not do." *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. There is considerable appeal to Humana's argument. In essence, Plaintiff has merely cited the definition of disability. However, there are generally no more facts that can be expected to be pled. She is alleging the belief of Humana. It is hard to say more than that another held a belief. Thus, Plaintiff's allegations, although the bare minimum, are sufficient.

Having alleged a disability, Plaintiff puts forth specific allegations that she was discriminated against for that disability. Humana asks the Court to limit the possible methods of Plaintiff's recovery. The Court declines such an invitation. By pleading a proper claim under the Kentucky Civil Rights Act, Plaintiff may narrow the scope of that claim through the discovery process. The Court will not parse out aspects of the claim on a Rule 12(b)(6) motion.

**IV.**

Plaintiff's second cause of action is for FMLA violations. To succeed on her FMLA claims, Plaintiff will have to show that she was wrongfully denied FMLA leave, was terminated for taking or requesting leave, or some combination of those circumstances. Largely, Humana contends that the FMLA claims should be dismissed because Plaintiff has failed to allege sufficient facts to establish that she was entitled to FMLA leave. Entitlement to FMLA leave is a much lower standard, both at the pleading stage and the proof stage, than a disability claim. There is no specific requirement that it be the type of physical impairment that substantially

limits a major life activity. Rather, it need only be a condition involving "continuing treatment by a health care provider." Plaintiff has alleged that she requested leave based on multiple sclerosis, which required medical treatment. These factual allegations, given the significantly lower requirements for proving an FMLA claim as opposed to a disability claim, are sufficient. Plaintiff has alleged that she suffered from a medical condition requiring treatment, that Humana refused to grant her FMLA leave for that condition, and that Humana fired her for either taking leave or requesting leave. Although this pleading is minimal and more detail would be advised, the Court finds that it is sufficient to survive a motion to dismiss at this time.[3]

## V.

Plaintiff's final causes of action are for public policy wrongful discharge and intentional infliction of emotional distress. Humana correctly observes that these claims are preempted and subsumed by Plaintiff's Kentucky Civil Rights Act claims. *See Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) (wrongful discharge); *Wilson v. Lowe's Home Center*, 75 S.W.3d 229, 239 (Ky. App. 2001) (intentional infliction of emotional distress). Plaintiff does not contest this argument in her Response.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is SUSTAINED IN PART. Plaintiff's public policy wrongful discharge and intentional infliction of emotional distress claims are DISMISSED WITH PREJUDICE. All other claims remain.

---

[3] Plaintiff also brings a retaliation claim. Because that claim is directly related to the FMLA and disability discrimination claims and those claims are sufficiently pled to proceed, the Court will consider the retaliation claim sufficiently pled as well.

cc: Counsel of Record